UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARSHALL BRIAN CHANDLER                                                               PLAINTIFF

VERSUS                                                            CIVIL ACTION NO. 1:14CV29-HSO-RHW

KEEFE COMMISSARY                                                                       DEFENDANT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Plaintiff Marshall Brian Chandler, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging that Defendant Keefe Commissary deducted $29.40 plus tax from his inmate account but failed to provide him with the "8" clear fan" that he ordered.  Doc. [1].  Pending before the Court are Defendant's [10] Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) and Plaintiff's [13] Motion for Discovery.

In his complaint, Plaintiff alleges that on June 12, 2013, money was removed from his inmate account to purchase a fan.  Doc. [1] at 4.  Plaintiff did not receive the fan.  *Id.*  According to Plaintiff, Defendant admitted during the administrative remedy process that it was at fault.  *Id.*  Despite this admission, Plaintiff alleges that as of the date of the filing of his complaint (January 31, 2014), he had not received either the fan or a refund.  *Id.*  In his response to the motion to dismiss, Plaintiff asserts that the administrative process was completed on or about November 25, 2013.  Doc. [12] at 2.  It is undisputed that on or about February 26, 2014, Plaintiff received a credit of $31.46 in his inmate account.  Doc. [10-2] at 3.  In his response to the motion to dismiss, Plaintiff admits that he received a refund but argues that it was not processed in a timely manner.  Doc. [12] at 2.

**Law and Analysis**

In its motion to dismiss, Defendant argues that Plaintiff's complaint fails to state a cause of action under § 1983.  Specifically it argues that Plaintiff received a favorable ruling through the prison administrative remedy program and that his inmate account was credited with funds for the commissary product that he did not receive.  Doc. [11] at 3.  Although Plaintiff admits to these facts, he responds that the refund was not processed in a timely manner; therefore, he suffered from excessive heat without a fan.

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."  *Doe v. Dallas Indep. School Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).

Plaintiff has failed to state a cause of action under the constitution for deprivation of personal property.  Although not raised by Defendant, the undersigned questions whether Keefe Commissary qualifies as a party acting "under color of state law" as required by § 1983.  *See Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 549-50 (5th Cir. 2005); *see also Blum v. Yatesky*, 457 U.S. 991, 1004 (1982)("[a]cts of private contractors do not become acts of the State simply because they are performing public contracts.").  Assuming Keefe Commissary is a state actor for purposes of this decision, the due process clause is not implicated by a state actor's negligence that causes unintended loss of property.  *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988).  Likewise, intentional deprivations of property do not implicate the due process clause as long as there is an adequate state post-deprivation remedy.  *Hudson v. Palmer*, 468 U.S.

517, 533 (1984); *Murphy v. Collins*, 38 F.3d 541, 543-44 (5th Cir. 1994). The State of Mississippi has an adequate post-deprivation remedy--namely, filing a lawsuit for conversion in state court. *Nickens v. Melton*, 38 F.3d 183 (5th Cir. 1994). Hence, Plaintiff's claim for deprivation of personal property, whether by negligence or intentional act, does not rise to the level of a constitutional claim.

Even if Plaintiff had a cognizable claim pursuant to § 1983, his claim has been resolved. It is undisputed that Plaintiff completed the prison's administrative remedy program on or about November 25, 2013. Plaintiff was awarded a refund through the administrative remedy program. Defendant then refunded Plaintiff's money on or about February 26, 2014. Plaintiff's own pleadings demonstrate the existence of an adequate post-deprivation remedy through the prison's administrative remedy program. Plaintiff availed himself of the program and received a favorable ruling and a refund. Consequently, there is no constitutional violation.

As part of his response to the motion to dismiss, Plaintiff filed a motion for discovery requesting (1) all records related to his commissary order, (2) all records related to the administrative remedy complaint, (3) Defendant's policy and procedure for processing refunds, and (4) a performance report. Doc. [13]. Because the undersigned finds that Plaintiff has failed to state a constitutional claim, Plaintiff's request for discovery should be denied. The requested discovery would not alter the fact that Plaintiff's complaint does not implicate the due process clause or any other constitutional provision as required by § 1983.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Plaintiff's [13] motion for discovery be denied; that Defendant's [10] motion to dismiss be granted; and that Plaintiff's 42

U.S.C. § 1983 civil rights complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 22nd day of May, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE