IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARSHALL BRIAN CHANDLER** § | | **PLAINTIFF** |
| § | | |
| v. § | | **CIVIL NO.: 1:14cv29-HSO-RHW** |
| § | | |
| **KEEFE COMMISSARY** § | | **DEFENDANT** |

### ORDER OVERRULING PLAINTIFF'S OBJECTION AND ADOPTING PROPOSED FINDINGS OF FACT AND RECOMMENDATION

BEFORE THE COURT is Plaintiff Marshall Brian Chandler's Objection [17] to the Proposed Findings of Fact and Recommendation [15] of United States Magistrate Judge Robert H. Walker. Defendant Keefe Commissary did not respond to the Objection. Having considered the Objection, the Proposed Findings of Fact and Recommendation, and relevant legal authorities, the Court concludes that the Objection should be overruled, and the Magistrate Judge's Proposed Findings of Fact and Recommendation should be adopted as the opinion of the Court.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On January 31, 2014, Plaintiff Marshall Brian Chandler ("Plaintiff") sued Keefe Commissary ("Keefe") pursuant to 42 U.S.C. § 1983. Compl. 1 [1]. Plaintiff, who is incarcerated and proceeding *pro se*, alleges that Keefe transferred money from his inmate account on June 12, 2013, when Plaintiff attempted to purchase a fan from Keefe. *Id.* at 4. Plaintiff asserts that he never received the fan and that, during the administrative remedy program, Keefe admitted fault. *Id.* Plaintiff claims to have suffered a violation of his Fourteenth Amendment rights, and he seeks actual damages totalling $31.46, compensatory damages totalling $1,500.00,

1

and punitive damages in the amount of $25,000.00 based on an alleged ongoing practice of denying inmates the property they purchase from Keefe. *Id*.

Keefe now moves to dismiss [10] the Complaint. Keefe argues that Plaintiff's Complaint should be dismissed because Plaintiff has received a full refund of the $31.46 initially transferred from his account. Mem. in Supp. of Mot. to Dismiss 3 [11]. Plaintiff responds that he successfully requested relief through an administrative remedy program, but Keefe failed to timely process his refund and only did so after Plaintiff effected service of process upon Keefe in this case. Objection to Mot. to Dismiss 2 [12]. According to Plaintiff, Keefe's failure to timely provide him with the fan for which his inmate account was charged caused Plaintiff to have to endure eight and one-half months of extreme heat while incarcerated without a fan. *Id*. at 2-3. Plaintiff has also filed a document styled as a Motion for Discovery [13] seeking records of Plaintiff's inmate account and various documents related to Keefe and its policies and procedures.

The Magistrate Judge recommended [15] that Keefe's Motion to Dismiss be granted and Plaintiff's Motion for Discovery be denied. Proposed Findings of Fact and Recommendations 3 [15]. The Magistrate Judge found that it was undisputed that Plaintiff had received a refund of the $31.46 he claimed was wrongfully transferred from his inmate account. *Id*. at 1. The Magistrate Judge expressed doubt as to whether Keefe could be considered a state actor as required by § 1983 but concluded that even if Keefe was a state actor, Plaintiff's allegations amount to a negligent deprivation of property, which does not implicate the Due Process

2

Clause of the Fourteenth Amendment. *Id*. at 2. The Magistrate Judge also reasoned that to the extent Plaintiff's allegations amounted to an intentional deprivation of property, the Due Process Clause was not implicated because Plaintiff has access to an adequate post-deprivation remedy by way of asserting a conversion claim under state law. *Id*. at 2-3. The Magistrate Judge denied Plaintiff's request for discovery because the discovery sought would not alter the fact that Plaintiff failed to state a constitutional claim. *Id*. at 3.

Plaintiff objects to the Magistrate Judge's recommendation, contending that he has sufficiently pleaded a claim under Rule 8 of the Federal Rules of Civil Procedure. Pl.'s Objection 1-2 [17]. Plaintiff argues that the Magistrate Judge incorrectly construed the Complaint as attempting to assert a constitutional violation founded upon a negligent loss of property. *Id*. at 2. Plaintiff contends that the Complaint actually asserts a "conditions of confinement" claim under the Eighth Amendment. *Id*. Plaintiff concludes that he should be given the opportunity to conduct discovery because his discovery requests related to Keefe's policies and procedures will establish a constitutional violation. *Id*. at 5-6.

The Court finds that the Proposed Findings of Fact and Recommendation [15] are well reasoned, correctly find the applicable facts, and correctly apply the governing legal standards. For the reasons that follow, the Court will overrule Plaintiff's Objection [17] and adopt the Proposed Findings of Fact and Recommendation as the Court's opinion. Plaintiff's Motion for Discovery [13] will be denied, and Keefe's Motion to Dismiss [10] will be will be granted.

## II. DISCUSSION

A.  Standard of Review

Because objections have been filed to the Magistrate Judge's Proposed Findings of Fact and Recommendation [15], this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (noting parties are "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made").  The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge.  *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).  The Court also need not consider objections which are frivolous, conclusive, or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).

B.  Analysis

1.  Keefe's Motion to Dismiss [10]

The Magistrate Judge recommended that Keefe's Motion to Dismiss [10] be granted because negligence leading to a loss of property does not amount to a constitutional violation.  Proposed Findings of Fact and Recommendation 3 [15].  According to Plaintiff, he is not advancing a claim for loss of property but rather a conditions of confinement claim under the Eighth Amendment. Pl.'s Objection 4 [17].  This argument lacks merit.  The Complaint does not include any allegations related to the conditions of Plaintiff's confinement or that Plaintiff was subjected to

4

"cruel and unusual punishment" as a result of Keefe's mistake. Compl. 4 [1]. In opposing Keefe's Motion to Dismiss, Plaintiff argues that because Keefe did not provide the fan which Plaintiff ordered, Plaintiff was forced to endure "eight and one-half months" in temperatures which "at some times, were in excess of one hundred degrees[]" and that he had to "endure extreme heat." Objection to Def.'s Mot. to Dismiss 2-3 [12]. Even if Plaintiff had pleaded these facts in the Complaint, they are not sufficient to support an Eighth Amendment claim. *See Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (noting the two prerequisites for establishing a constitutional violation based on conditions of confinement are that the conditions "be so serious as to deprive prisoners of the minimal civilized measure of life's necessities" or "some basic human need" and that "the prison official responsible was deliberately indifferent to inmate health or safety").

Neither the allegations in Plaintiff's Complaint nor his argument in opposition to Keefe's Motion to Dismiss set forth facts supporting either of the foregoing prerequisites to an Eighth Amendment violation. Plaintiff has not alleged any specific harm resulting from his exposure to the heat. Nor has Plaintiff alleged that exposure to the heat deprived him of any measure of life's necessities or his basic human needs. *See, e.g., Jones v. Roach*, 196 F. App'x 287, 288 (5th Cir. 2006) (dismissing appeal as frivolous on the basis that the plaintiff's allegations of an Eighth Amendment violation did "not state a constitutional claim because [the plaintiff] fail[ed] to allege that he was deprived of life's necessities or a basic human need"). Thus, to the extent that Plaintiff's Objection is predicated on an argument

that the Complaint states a claim under the Eighth Amendment, the Objection is not well taken and should be overruled.[1]

    2.    <u>Plaintiff's Motion for Discovery [13]</u>

The Magistrate Judge correctly denied Plaintiff's Motion for Discovery [13]. Although Plaintiff maintains that discovery pertaining to Keefe's policies and procedures "will show that a constitutional violation has occurred[,]" Plaintiff has not stated facts giving rise to a claim for a constitutional violation based on the conditions of his confinement. Beyond his conclusory statement, Plaintiff also has not offered any argument or reasoning explaining how the requested discovery would establish a constitutional violation. For these reasons, Plaintiff's Objection to the Magistrate Judge's recommendation that Plaintiff's Motion for Discovery be denied is not well taken and should be overruled.

### III. CONCLUSION

After a thorough review and consideration of the Proposed Findings of Fact and Recommendation, Plaintiff's Objection, and the record as a whole, the Court finds that Plaintiff's Objection is not well taken or supported by the record and should be overruled. The Court concludes that the Magistrate Judge's Proposed Findings of Fact and Recommendation should be adopted as the opinion of the Court.

---

[1] The Court's finding in this regard forecloses Plaintiff's objection to the Magistrate Judge's conclusion that even if Keefe's conduct was intentional, a conversion claim under Mississippi law provides an adequate state law remedy. Pl.'s Objection 4-5 [17]. This objection is predicated on an assumption that Plaintiff has suffered a constitutional violation, which the Court concludes the record does not support.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's Objection [17] to the Magistrate Judge's Proposed Findings of Fact and Recommendation [15] entered on May 22, 2014, is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendation [15] of United States Magistrate Judge Robert H. Walker entered on May 22, 2014, is adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Motion for Discovery [13] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Keefe Commissary's Motion to Dismiss [10] is **GRANTED** and Plaintiff's claims against Keefe Commissary are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 14th day of October, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE